IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **FLOWERS BROTHERS PRODUCE CO., LLC,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:08-cv-74(HL) |
| **STEVE SUMNER, individually and d/b/a SUMNER FARMS, D & E FARMS, INC., and ROBERT ERLEMEIER, individually, and LESTER ERLEMEIER, individually,** | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on the motion of Steve Sumner, individually and d/b/a Sumner Farms, to set aside the Clerk's entry of default (Doc. 24).[1] After consideration of the briefs of the parties, the Court grants the motion, as more fully set forth below.

### Procedural History

---

[1] The motion is styled "Motion of Defendants, Steve Sumner, Individually and d/b/a Sumner Farms, to Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c)," thereby suggesting that this motion involves two Defendants: Steve Sumner and Sumner Farms. However, in Georgia, "[a]n unincorporated proprietorship is not a legal entity separate from the proprietor, and the use of a trade name for the business does not create a separate legal entity." Brand v. So. Employment Serv., 545 S.E.2d 67, 68 (Ga. Ct. App. 2001). Sumner does business in Georgia under the trade name of Sumner Farms. (Answer at 3.a.) As a result, Sumner Farms is not a legal entity separate from Steve Sumner, and the Court will refer to the Defendant in the singular.

Plaintiff, Flowers Brothers Produce Co., LLC, filed a complaint in this Court on June 5, 2008.  Jurisdiction was premised on the Perishable Agricultural Commodities Act of 1930, 7 U.S.C.A. §§ 499a to 499t (West 1999).  With respect to Defendant Sumner, the allegations set forth in the complaint are that Flowers Brothers provided Caprice bean seeds to Sumner.  Sumner was to grow the beans and Flowers Brothers was to sell the beans that were produced.  Flowers Brothers alleges that Sumner failed to keep his end of the bargain, and failed to deliver the beans as harvested.  Instead, according to Flowers Brothers, Sumner breached his agreement with it and instead sold the harvested beans to third parties D&E Farms, Inc., Robert Erlemeier, and Lester Erlemeier, who were also named as Defendants.

When Flowers Brother filed its complaint, a summons was issued as to Sumner.  An affidavit of service filed on July 9, 2008, shows that the summons was served on Steve Sumner's sister at his residence on June 11, 2008.  Absent an extension, Sumner thus had 20 days after being served, until July 1, 2008, in which to serve an answer or responsive pleading.  Fed. R. Civ. P. 12(a)(1)(A).  No answer or responsive pleading was filed by Sumner on or before July 1, 2008.

When Sumner failed to file a responsive pleading, Flowers Brothers moved, on July 9, 2008, pursuant to Federal Rule of Civil Procedure 55(a), for a clerk's entry of default.  On July 14, 2008, Sumner, along with all other Defendants, filed an answer and counterclaim. On July 15, 2008, the Clerk's office notified Flowers Brothers that its motion for clerk's entry of default was docketed incorrectly.  Flowers Brother refiled its pleading as

2

an application for entry of default.  Default was entered by the clerk as to Sumner on July 16, 2008.  Thereafter, Sumner filed the motion to set aside the default at issue here.

## **Allegations of the Parties**

In moving to set aside the default, Sumner does not argue that he was not served properly, or that the original 20 days within which to answer had not expired.  Rather, Sumner contends that he, along with the other Defendants, received an extension of time from counsel for Flowers Brothers within which to file a responsive pleading, so that his responsive pleading was timely and not properly the subject of an application for entry of default.

Flowers Brothers contends otherwise, of course.  According to Flowers Brothers, on June 18, 2008, Jason Klinowski, as counsel for Flowers Brothers, and Alfred J. Monte, as counsel for D&E Farms, Inc., reached an agreement to extend the time to July 14, 2008, for D&E Farms, Inc. and Robert and Lester Erlemeier to file responsive pleadings.  At that time, according to Klinowski, Monte affirmatively represented to Klinowski that he was representing D&E Farms, Inc. but that he was not representing Sumner, and he was unsure as to whether he was representing Robert and Lester Erlemeier.  According to Klinowski, because Monte was unsure as to whether he was representing Robert and Lester Erlemeier, the extension was intended to include them.  The email from Klinowski to Monte confirming the extension of time does not identify the Defendants by name, stating only: "Please be advised that we will extend you the courtesy of enlarging your time to file your Answer two weeks until July 14, 2008."

3

Sumner has responded to the representations made by Flowers Brothers by filing the affidavit of Monte. In it, Monte asserts that on June 18, 2008, when he negotiated the extension of time to file responsive pleadings, the extension that was negotiated applied to and included Sumner. Monte further asserts that he never affirmatively represented to anyone representing Flowers Brothers that he did not represent Sumner.

## Conclusions of the Court

Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default for good cause. Moreover, it is well established that defaults are not favored and where there is doubt as to whether a default should be maintained, such doubts should be resolved in favor of a decision that allows a case to be decided on the merits. Fla. Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). The good cause standard of Rule 55(c) is a mutable one and the factors that are to be considered in applying it are similarly flexible, though neither is "so elastic as to be devoid of substance." Compania Interamericana Export-Import, S.A. v. Compania Domincana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).

The filings in this case are diametrically opposed with respect to what transpired between Monte and Klinowski. However, this Court believes that it is not necessary that it make credibility determinations and that it need not determine here who was "wrong" and who was "right" with respect to who was covered by the agreement. Rule 55(c) only requires that the party moving to set aside a default show good cause for the same. Here, Sumner has presented the affidavit of Monte, in which Monte asserts that he believed the

extension he obtained from Flowers Brothers included Sumner.  He may be mistaken, and it may be that Flowers Brothers did not intend to include Sumner.  Nevertheless, Monte's affidavit provides some explanation for why Sumner might have believed that he had until July 14, 2008, in which to file an answer or otherwise respond to the complaint, and therefore demonstrates that Sumner's failure to respond in a timely manner was not willful. The Court therefore finds that good cause exists to set aside the entry of default.

Furthermore, the Court notes that the parties had a means by which they could have avoided the conflict at issue here.  Local Rule 6.1 states, in part, as follows:  "Any extensions of time within which to answer the complaint . . . may be done by written, filed stipulations of counsel, not to exceed more than 30 days from the original answer deadline without approval of the court."  No record of the required stipulation appears on the docket of this case, as is required by Local Rule 6.1. Perhaps if a proper stipulation had been filed, identifying the parties to the stipulation, this motion might not have been necessary.

In view of the foregoing therefore, the motion to set aside default is granted and the default entered on July 16, 2008 is hereby vacated.

**SO ORDERED**, this the 27th day of January, 2009.

                                             *s/  Hugh Lawson*
                                             **HUGH LAWSON, JUDGE**

mls